IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ULRIC S. CROSSLAND**                                                                         **PETITIONER**

**V.**                                         **CIVIL ACTION NO. 3:21CV537 HTW-LGI**

**WARDEN S. REISER**                                                         **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Ulric Crossland filed the instant petition for writ of habeas pursuant to 28 U.S.C. § 2241, seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Respondent moves to dismiss the petition as moot, however, because Petitioner has received the requested relief. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the motion be granted for the reasons that follow.

Petitioner contends that the BOP miscalculated his sentence in failing to award him credit for time spent in custody from February 9, 2018, through September 26, 2018. Respondent concedes this point and has submitted in support, the Declaration of Stephen P. Smith, a Management Analyst at BOP's Designation and Sentence Computation Center and Petitioner's Public Information Inmate Data ("PPPI"). As a Management Analyst, Smith utilizes "SENTRY"— a computer records system that tracks an inmate's sentencing, custody status, and institution designation, *inter alia*. Upon reviewing Crossland's claim, Smith has determined that Crossland is indeed entitled to the additional sentence credit, and he attaches Petitioner's PPPI Data showing that his

sentence has been adjusted to reflect credit for the duration of the requested time period.[1] Petitioner has not refuted this evidence or otherwise responded to the motion to dismiss.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted).  The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or controversy.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot.  *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).  Given the evidence as stated, the undersigned submits that this case no longer presents a live case or controversy, and Respondent's motion to dismiss the instant petition as moot should be granted for the reasons asserted herein.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

---

[1] Upon recalculation, PPPI Data reflects that the additional credit period is actually from February 10, 2018, though September 26, 2018.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on March 29, 2022.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
